8137

BRIGGS v. DONALDSON.

1. ALLEGATIONS AND PROOF—MAGISTRATE COURT.—VARIANCE between proof and allegations in magistrate court should be disregarded unless the opposite party has been prejudiced thereby, which does not appear here.

2. PRINCIPAL AND AGENT—BROKERS.—Where brokers undertake the sale of real property for another, make a contract of sale and receive a *part of the purchase money* and the purchaser defaults, but does not claim the money, the amount so paid is due the principal.

Before GAGE, J., Greenville, June, 1911. Affirmed.

Action by W. A. Briggs and J. B. Jennings against Donaldson & Hoke, before E. Inman, magistrate. The Circuit judgment on appeal from magistrate is:

"The defendants appeal, on fourteen grounds, from the judgment of a magistrate.

"The judgment was for one hundred ($100) dollars in favor of the plaintiffs and against defendants.

"The plaintiffs were owners of real estate in the city of Greenville, and the defendants were agents, middlemen or brokers for the sale of real estate.

"The defendants undertook to sell the plaintiffs' valuable real estate to one Sharpe for twenty-one thousand ($21,000) dollars, and Sharpe paid to defendants one hundred ($100) dollars.

"The sale fell through and this action is to recover from the defendants the one hundred ($100) dollars paid to them by Sharpe. Sharpe makes no claim to the money.

"The complaint alleges that 'Sharpe deposited with the said plaintiffs' agents his check for the sum of one hundred ($100) dollars, to be forfeited to the plaintiffs in case the said Sharpe should fail to pay to plaintiffs' said agents the sum of twenty-one thousand nine hundred ($21,900) dollars, the balance of said purchase money, etc.'

"There is no proof to sustain that allegation; Sharpe denied it, and the plaintiffs' testimony tending to prove it was incompetent, for it was opinion evidence and hearsay evidence, in a case where such testimony is not allowable.

"The complaint, however, alleges that there was a contract betwixt the plaintiffs, acting through the defendants, and one Sharpe; whereby plaintiffs agreed to sell and Sharpe agreed to buy a certain house and lot for twenty-two thousand ($22,000) dollars.

"The testimony sustains the allegation. The contract is in writing; it is plain and full; it is signed by the party to be charged, through their confessed agent; the complaint admits the agency; the defendants declared the agency; and the constitution of the agency is not required by any statute to be in writing.

"The contract is the receipt executed by the defendants to Sharpe when he paid down the one hundred ($100) dollars, 'in part payment for one lot and warehouse.'

"On this contract the plaintiffs might have sued Sharpe for specific performance of his contract, or for damages for a breach of his contract.

"But they did neither; they simply acquiesced in the breach.

"And on the same contract Sharpe might have brought similar actions, for rights are reciprocal.

"What would have been the rights and obligations of the plaintiffs had Sharpe paid into their own hands as much as five thousand ($5,000) dollars as part payment and then have defaulted?

"In that case the plaintiffs may have sued for a specific performance of the contract, or for a breach of the contract; that would have been their right.

"But if they elected not to do either, might they quietly keep the five thousand ($5,000) dollars so received and the land as well, and institute no action? Manifestly so, if Sharpe consented to the conduct.

"It is true that in the case supposed, Sharpe would have had the right to demand the sale of the land, and if it brought a surplus over the agreed price he would be entitled to have that.

"But Sharpe might be content to take no action, as he has in the case at bar.

"The case is not altered that the sum actually paid on the purchase price was one hundred ($100) dollars instead of five thousand ($5,000) dollars.

"It is altogether accidental that the actual payment was made to the defendants and not to the plaintiffs.

"In the eye of the law the payment was made to the plaintiffs and not to the defendants, for payment to the agent is payment to the principal.

"Because Sharpe has not busied himself to prosecute his rights is no reason for the defendants to ignore their duty.

"They have established no legal right to keep the money although the plaintiffs may not be entitled to have it on the grounds they staked out.

"I revert now to the exceptions: I think the first four must be allowed, yet their allowance does not affect the result. I think the sixth and those following it must be overruled. The fifth exception is sound; the plaintiffs did not prove the case alleged, so far as the claim was made that the one hundred ($100) dollars was paid as a bonus or forfeit. But the testimony, competent and unobjected to, does establish another case, to wit: that the one hundred ($100) dollars was paid by Sharpe to defendants as agents for the plaintiffs, and 'as part payment for one lot and warehouse.'

"It is therefore ordered that the judgment of the magistrate be affirmed."

Defendants appeal.

*Messrs. McCullough, Martin & Blythe,* for appellants, cite: *If defendants were brokers they are not liable:* 84 S. C. 197; 86 S. C. 76; 19 Cyc. 196; L. R. 19 Eq. 108; 92 Va. 581; 18 Barb. 60; 89 N. W. 1086; 42 At. R., 81; 30 *Id.* 1073; 116 A. S. R. 342. *If the contract was accepted by plaintiff, the broker is entitled to his commissions:* 23 Ency. 917; 19 Cyc. 244, 259; 21 A. R. 192; 20 N. E. 174; 89 N. W. 652; 100 N. W. 327.

*Mr. Adam C. Welborn,* contra.

March 16, 1912. The opinion of the Court was delivered by

MR. JUSTICE WOODS. This appeal is from a judgment of the Circuit Court affirming the judgment of the magistrate. The decree of the Circuit Court demonstrates that

the case has been rightly decided, and that there is no substantial merit in the exceptions. The technical points can not avail. Section 88 of the Code of Procedure provides that in magistrates' courts "A variance between the proof on the trial and the allegations in the pleadings shall be disregarded, as immaterial, unless the Court shall be satisfied that the adverse party has been misled to his prejudice thereby." The record shows that the defendant was not misled to his prejudice. Section 368 requires that technical errors and defects be disregarded.

The judgment of this Court is that the judgment of the Circuit Court be affirmed for the reasons therein stated.

*Only* MR. CHIEF JUSTICE GARY *and* MR. JUSTICE HYDRICK *participate in this opinion and concur.*